UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-24265-Civ-COOKE/TURNOFF

JOAN E. MAIR, *et al.*,

    Plaintiffs,

vs.

WELLS FARGO BANK NA, WELLS FARGO
HOME LOANS, BEN-EZRA & KATZ, SCOTT E.
SIMOWITZ, WACHOVIA MORTGAGE
CORPORTAION, and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before me on Defendant Scott E. Simowitz's Motion to Dismiss, Motion for More Definite Statement ("Motion to Dismiss") (ECF No. 7). Plaintiff Joan E. Mair filed her Brief in Support of Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 8), to which Defendant Scott E. Simowitz elected not to reply. Therefore, Defendant Scott E. Simowitz's Motion to Dismiss, Motion for More Definite Statement is fully briefed and ripe for adjudication. I have reviewed the Motion to Dismiss and Motion for More Definite Statement, the Response thereto, the record, and the relevant legal authority. For the reasons provided herein, Defendant Scott E. Simowitz's Motion to Dismiss, Motion for More Definite Statement is granted.

### I. BACKGROUND

Plaintiff Joan E. Mair ("Plaintiff" or "Ms. Mair"), proceeding *pro se*, brings this action against several defendants, including Defendant Scott E. Simowitz, seeking an injunction precluding the foreclosure sale of her property located at 10360 SW 138 Street, Miami, Florida 33176 ("Subject Property") on grounds that the Defendants lack standing to enforce the promissory note and mortgage on the Subject Property. *See generally* Compl., ECF No. 1. Plaintiff's equitable action in this Court is predicated on a foreclosure suit that is currently pending in the Circuit Court of the Eleventh Judicial Circuit Court in and for

Miami-Dade County, Florida, Case No. 08- 70469-CA-11 (the "Underlying Foreclosure Suit").

## II. LEGAL STANDARDS

### A. Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1)

Defendant Scott E. Simowitz, in part, premises his Motion to Dismiss on Rule 12(b)(1) of the Federal Rules of Civil Procedure, challenging this Court's subject matter jurisdiction. When considering a 12(b)(1) challenge, a court is faced with either a facial attack or a factual attack. *See Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003). "Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint." *Id.* In other words, the allegations themselves reveal that subject matter jurisdiction is deficient. By contrast, factual attacks contest the truth of the allegations, which, by themselves, would be sufficient to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Morrison*, 323 F.3d at 925 n.5 ("Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings."). In resolving a factual attack, the district court may consider evidence outside the pleading, such as testimony and affidavits. *Morrison*, 323 F.3d at 925 n.5. However, "[f]acial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990)) (internal quotation marks omitted).

In the instant case, Defendant Scott E. Simowitz asserts a facial attack because it concerns the alleged lack of subject matter jurisdiction "solely on the basis of the pleadings." *Morrison*, 323 F.3d at 925 n.5. Defendant Scott E. Simowitz argues that Ms. Mair's claims, as pled in the Complaint, are inadequate to confer subject matter jurisdiction. Therefore, I will consider only the Complaint and the attachments thereto.

### B. Failure to State a Claim Pursuant to Rule 12(b)(6)

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see*

also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.* Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. at 555).

A court need not have to accept legal conclusions in the complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. When a plaintiff pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *See id.* at 678.

The purpose of a motion to dismiss is to test the facial sufficiency of a complaint. *See Hermoza v. Aroma Restaurant, LLC*, No. 11-23026-CIV, 2012 WL 273086, at *1 (S.D. Fla. Jan. 30, 2012). Therefore, a court's consideration when ruling on a motion to dismiss is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

### III. DISCUSSION

**A. Lack of Subject Matter Jurisdiction**

    a. <u>Plaintiff's Complaint Fails to Invoke this Court's Subject Matter Jurisdiction.</u>

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 974-75. "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3)

diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (citing *Klein v. Drexel Burnham Lambert,* 737 F. Supp. 319, 323 n.11 (E.D. Pa. 1990)). In this case, the Court lacks all three types of subject matter jurisdiction.

Plaintiff does not bring her claims pursuant to any specific statute. Also, she does not raise a federal question, because she does not present any claim that arises under federal law (the Constitution, laws or treaties of the United States). Rather, Plaintiff's claim to enjoin the foreclosure sale of the Subject Property, if any, would arise under state law. *See Christman v. Jackson Hewitt, Inc.,* 379 F. App'x 956, 958 (11th Cir. 2010) (upholding the district court's dismissal of *pro se* plaintiff's action for lack of subject matter jurisdiction). Lastly, accepting the allegations in Plaintiff's Complaint as true, there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332, which requires complete diversity of all parties and an amount in controversy that exceeds $75,000. Here, the Complaint does not contain any allegations regarding the amount in controversy and does not address the citizenship of the Plaintiff and many of the Defendants. Because Plaintiff Complaint fails to invoke the jurisdiction of this Court, the Complaint must be dismissed. *Id.* at 957-58.

b. Plaintiff's Complaint Runs Afoul of the *Rooker-Feldman* Doctrine.

Liberally construing Plaintiff's claim[1], Plaintiff is asking this Court to invalidate and/or interfere with the Underlying Foreclosure Suit by ruling that the state court foreclosure judgment is void or should be enjoin. However, this Court lacks subject matter jurisdiction, as Plaintiff seeks a *de facto* appeal of a previously litigated state court matter. The *Rooker-Feldman* doctrine, which provides that "United States district courts do not have subject matter jurisdiction to review the judgments of a state court," *Bosdorf v. Beach*, 79 F.Supp.2d 1337, 1339 (S.D. Fla. 1999) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)), bars this Court from hearing Plaintiff's claims since she

---

[1] A *pro se* litigant's pleadings must be construed more liberally than those pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) ("In the case of a *pro se* action,…the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers"). However, "this lenience does not give a court license to serve as *de facto* counsel for a party…or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted).

is essentially seeking appellate review of the Underlying Foreclosure Suit, which is pending in state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 281 (2005). The *Rooker-Feldman* doctrine further affirms that no federal courts, other than the United States Supreme Court, have the authority to review final judgments of state courts. *Goodman v. Sipos,* 259 F.3d 1327, 1332 (11th Cir. 2001).

The *Rooker-Feldman* doctrine encompasses claims, such as Plaintiff's, that are "inextricably intertwined" with a state court judgment. *Id.* Plaintiff is attempting to a have this Court review and resolve issues that are the subject of a pending state court proceeding. Plaintiff alleges that Defendants previously commenced the Underlying Foreclosure Suit in Florida state court, but Defendants have not, and cannot, demonstrate they own the promissory note and mortgage on the Subject Property or otherwise establish standing to maintain the Underlying Foreclosure Suit. Compl. ¶¶ 3, 15-18. Therefore, in asking this Court to enjoin the foreclosure sale of the Subject Property and declare that the Defendants lack standing to enforce the promissory note and mortgage, Plaintiff is seeking the resolution of an issue – namely standing – that the state court will necessarily address and resolve in the Underlying Foreclosure Suit. *See McLean v. JP Morgan Chase Bank, N.A.*, 79 So. 3d 170, 173 (Fla. Dist. Ct. App. 2012) (noting that "[a] crucial element in any mortgage foreclosure proceeding is that the party seeking to foreclose must demonstrate that it has standing to foreclose").

## IV. CONCLUSION

Plaintiff's Complaint fails to sufficiently plead subject matter jurisdiction in two distinct manners.  Having determined this Court lacks subject matter jurisdiction to hear Plaintiff's claims, I need not address Defendant Scott E. Simowitz's substantive defendant regarding Florida's litigation privilege.

Accordingly, Defendant Scott E. Simowitz's Motion to Dismiss, Motion for More Definite Statement (ECF No. 7) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is

**DISMISSED** *with prejudice* for lack of subject matter jurisdiction.[2] A separate judgment in favor of Defendants Wells Fargo Bank NA, Wells Fargo Home Loans, Ben-Ezra & Katz, Scott E. Simowitz, Wachovia Mortgage Corporation, and Mortgage Electronic Registration Systems Inc., and against Plaintiff Joan E. Mair shall issue contemporaneously pursuant to Federal Rule of Civil Procedure 58.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28th day of March 2014.

*[signature]*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*

---

[2] *See Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) ("Dismissal with prejudice is proper, however, … if a more carefully drafted complaint could not state a valid claim.").